UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HAROLD E. NEWSOME                                              CIVIL ACTION

VS.                                                            NO. 2:18-CV-13714

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY

**COMPLAINT**

The Complaint of Harold E. Newsome respectfully alleges:

1. This is a claim for ERISA Waiver of Premium and Permanent and Total Disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Harold E. Newsome**, of lawful age and a resident of Morrilton, Arkansas, is a plan participant and beneficiary of an ERISA plan created by his employer, Green Bay Packaging, Inc. and an insured participant of a group disability policy issued by Hartford Life and Accident Insurance Company.

4. **Defendant, Hartford Life and Accident Insurance Company.** ("Hartford"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Hartford is incorporated in Hartford, Connecticut,

5. Hartford issued a group life policy insuring the employees of Green Bay Packaging. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. The subject policy provides for continuing life insurance coverage and permanent and total disability benefit payments so long as Plaintiff is disabled from performing any work for which Plaintiff is qualified by education, training, and experience.

8. Plaintiff had worked as a back tender For Green Bay Packaging, Inc. before he was forced to stop working around February 13, 2016 due to vertigo symptoms related to a debilitating brain tumor.  He suffers from vertigo, fatigue, decreased range of motion, weakness, balance issues, loss of dexterity, loss of mobility, difficulty ambulating, etc.

9. Plaintiff filed a claim for Waiver of Premium and Permanent and Total Disability benefits with the Plan because his medical condition has precluded him from continuing to perform the duties of his job or the material duties of a reasonable alternative job since February 2016.

10. Plaintiff is disabled under the terms of the Waiver of Premium and Permanent and Total Disability policy issued by Hartford.

11. Hartford denied his claim for waiver of premium benefits and permanent and total disability benefits by letter of January 6, 2017 stating that it believed that Plaintiff was not disabled for a continuous 6 months as required by the policy.

12. Plaintiff appealed the denial by letter of January 17, 2017 in which he enclosed a letter from his treating doctor as well as an MRI report demonstrating the severity of his condition.  In this appeal letter, he also explained that he cannot sit or walk for long periods and that he has to use a wheelchair to ambulate.  He also explained that he has limited use of his left arm, and that he has numbness in his fingers and chronic neck stiffness.  The medical records submitted with the appeal as well as the records had already received demonstrated that his vertigo symptoms prevented him from working since February 2016,

that the cause of his symptoms was determined to be a large brain tumor which was required to be surgically removed, that this surgery was originally scheduled in March 2016 but was then rescheduled to May 2016 and that he has not recovered to an extent that he can return to work since the surgery, as even Hartford's own reviewing doctor has determined.

13. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

14. Hartford unlawfully denied Plaintiff Waiver of Premium and Permanent and Total Disability benefits he is entitled to under terms of the policy.

15. Plaintiff appealed the denial, but Hartford upheld its previous decision.

16. Hartford's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

17. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Hartford's denial of Waiver of Premium and Permanent and Total Disability benefits.

18. Hartford has abused its discretion as plan administrator by denying Plaintiff's claim for Waiver of Premium and Permanent and Total Disability benefits in bad faith.

19. Hartford has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

20. Hartford has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

21. Hartford administered Plaintiff's claim with an inherent and structural conflict of interest as Hartford is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Hartford's assets.

22. Hartford has failed to give the policy and Plan a uniform construction and interpretation.

23. Hartford chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

24. As a routine business practice, Hartford uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

25. Plaintiff has been denied the Waiver of Premium and Permanent and Total Disability benefits due to his under the Plan, has suffered, and is continuing to suffer economic loss as a result.

26. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

27. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover Waiver of Premium and Permanent and Total Disability benefits due to his under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)

                                              James F. Willeford (La. 13485)  
                                              201 St. Charles Avenue, Suite 4208  
                                              New Orleans, Louisiana 70170  
                                              (504) 582-1286; (f) (313)692-5927  
                                              rtoledano@willefordlaw.com