UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAROLD E. NEWSOME | * | CIVIL ACTION NO. 2:18-CV-13714 |
| | * | |
| VERSUS | * | JUDGE VANCE |
| | * | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | * | MAGISTRATE JUDGE VAN MEERVELD |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## HARTFORD'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Hartford Life and Accident Insurance Company ("Defendant" or "Hartford"), who submits this Motion for Summary Judgment and who respectfully requests that this Honorable Court grant Hartford's Motion for Summary Judgment and dismiss the Plaintiff's lawsuit and all claims with prejudice at Plaintiff's cost. In this regard, Hartford respectfully submits as follows:

1.

Plaintiff filed the above-captioned lawsuit against Hartford, who in response, filed its Defenses and Answer pleading in which it raised numerous affirmative defenses and denied the substantive allegations of Plaintiff's Complaint.

2.

Plaintiff filed the above-captioned lawsuit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"; 29 U.S.C. §1001, et seq.). Specifically, Plaintiff contests Hartford's denial of his claim for waiver of premium benefits and permanent and total disability benefits under a group life policy sponsored by his employer, Green Bay Packaging, Inc., which was insured through a group life policy issued by Hartford under Policy No. GL-402620 (the "Group Life Policy"). Plaintiff seeks this Honorable Court's review of Hartford's decision to

deny his claim for waiver of premium or permanent and total disability benefits under the Group Life Policy.

3.

The Group Life Policy expressly provides Hartford with discretionary authority to determine eligibility for benefits and to interpret the Group Life Policy. As a result, this Honorable court must apply an arbitrary and capricious or abuse of discretion standard when reviewing Hartford's decision to deny Plaintiff's claim for waiver of premium or permanent and total disability benefits.

4.

Additionally, this Honorable Court's review is limited to the Group Life Policy and the Administrative Record developed and compiled in the claim and appeal process to determine whether or not Hartford's decision was arbitrary and capricious or whether it abused its discretion.

5.

Hartford denied Plaintiff's claim for waiver of premium and permanent and total disability benefits under the Group Life Policy. Hartford determined that based on the totality of the information and medical evidence presented, Plaintiff was not disabled for a continuous nine (9) month period following Plaintiff's last day of work in order to be eligible for waiver of premium as required by the Group Life Policy. Additionally, Hartford determined that based on the totality of the information and medical evidence present, Plaintiff was not disabled for a continuous six (6) month period following Plaintiff's last day of work to be eligible for permanent and total disability benefits as required by the Group Life Policy.

6.

In the claim review process, Hartford obtained and considered medical records and information submitted by the Plaintiff and his treating physicians. On appeal, Hartford obtained an Independent Medical Review by a qualified physician.

7.

Based on the information developed in the claim and appeal process, Hartford determined that Plaintiff was not eligible for waiver of premium or permanent and total disability benefits. Hartford engaged in a comprehensive claim and appeal review process and Plaintiff was given a full and fair review of his claim.

8.

Hartford's denial of Plaintiff's claim for waiver of premium or permanent and total disability benefits under the Group Life Policy was not arbitrary and capricious and was not an abuse of discretion. A rational connection exists between the information presented to Hartford, the factual determinations made by Hartford, and Hartford's decision to deny Plaintiff's claim for waiver of disability benefits under the specific terms and conditions of the Group Life Policy.

9.

Hartford is submitting herewith the following exhibits and submissions in support of its Motion for Summary Judgment, which are incorporated herein by reference as if copied in extensio pursuant to FRCP Rule 10(c):

a. Exhibit "A" – Group Life Policy (Bates Nos. H0001-HH0060)

b. Exhibit "B" – Administrative Record (Bates Nos. H0061-H0326)[1]

---

[1] The Administrative Record has been redacted to cover references to personally identifying information or protected information such as social security numbers, dates of birth, account numbers, addressed and names of minor children contained in said records in accordance with the E-Government Act of 2002 or applicable Rules of Court. Substantive information has not been redacted from the records.

c. Exhibit "C" – Statement of Undisputed Material Facts (with supporting references and citations to the Group Life Policy and the Administrative Record)

10.

Hartford is also submitting herewith a Memorandum in Support of its Motion for Summary Judgment.

11.

The referenced exhibits and the referenced pleadings are incorporated herein by reference as if copied in extensio pursuant to FRCP Rule 10(c).

12.

Based on the foregoing, the Group Life Policy, the Administrative Record, Hartford's Statement of Undisputed Material Facts, Plaintiff's Complaint, Hartford's Defenses and Answer pleading and all submissions made to this Honorable Court, along with the record of these proceedings and the comprehensive analysis set forth in Hartford's Memorandum in Support of its Motion for Summary Judgment being filed herewith, Hartford respectfully submits that Plaintiff's lawsuit and all claims asserted by Plaintiff against Hartford must be dismissed with prejudice at Plaintiff's cost.  Additionally, Hartford reserves the right to seek an award of attorney's fees incurred in defense of this action pursuant to 29 U.S.C. §1132(g) and FRCP Rule 54.

WHEREFORE, premises considered, Hartford respectfully requests that its Motion for Summary Judgment be granted and that Plaintiff's lawsuit and all claims asserted by Plaintiff against Hartford be dismissed with prejudice at his cost.  Hartford further reserves the right to seek an award of attorney's fees and costs pursuant to 29 U.S.C. §1132(g) and FRCP Rule 54.

Respectfully submitted,

s/ Joel P. Babineaux
JOEL P. BABINEAUX (LA #21455) (T.A.)
E-mail: jbabineaux@bpasfirm.com
KAREN T. BORDELON (LA #20114)
E-mail: kbordelon@bpasfirm.com
Babineaux, Poché, Anthony
   & Slavich, LLC
Attorneys for Hartford Life and Accident
Insurance Company
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503